UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KATHLEEN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0653-CVE-SAJ |
| | ) | |
| **TARGET STORES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

Now before the Court are Defendant's Second Motion to Dismiss (Dkt. # 14) and Second Motion for a More Definite Statement and Brief in Support (Dkt. # 16). Defendant Target Stores ("Target") argues that plaintiff Kathleen Jones' ("Jones") amended complaint fails to state the legal theory or theories under which she brings her civil action. Dkt. # 14, at 1. Thus, defendant moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, moves for a more definite statement under Fed. R. Civ. P. 12(e) "so as to give Target notice of the statute or other legal theories on which it has been sued." Id. Plaintiff argues in her two-page response that defendant has "notice of what this lawsuit is all about." Dkt. # 17, at 1. She contends that "this District does not require 'Magic Words, Title VII.'" Id. at 1-2.

The Court has discretion to treat vague pleadings under either Rule 12(b)(6) or Rule 12(e). See 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated."). Under Rule 12(e), the Court may require a party to cure defects in a vague or ambiguous pleading so as to allow the opposing party to frame a responsive pleading. Here, plaintiff's amended complaint includes a brief summary

of the relevant facts, a statement as to exhaustion of administrative remedies, a statement as to the amount in controversy, and a statement as to punitive damages.  See Dkt. # 13.  Yet nowhere in the amended complaint does plaintiff identify a statutory, common law, or other legal basis for her suit.  The Court agrees with defendant that the amended complaint does not give fair notice of the grounds upon which the claims rest.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (holding that a pleader must give the defendant "fair notice" of the grounds upon which a claim rests).  Defendant cannot draft an accurate and meaningful responsive pleading without this notice.  The Court concludes, therefore, that defendant's motion for a more definite statement should be granted.  Plaintiff shall file a second amended complaint, which specifies the statutory, common law, or other legal theories upon which plaintiff bases her claims against defendant, no later than twenty (20) days from the date of this Order.

**IT IS THEREFORE ORDERED** that the Second Motion for a More Definite Statement and Brief in Support (Dkt. # 16) is **granted.**  Defendant's Second Motion to Dismiss (Dkt. # 14) is **moot**.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint specifying the statutory, common law, or other legal theories upon which plaintiff bases her claims against defendant no later than **twenty (20) days** from the date of this Order, or by **May 27, 2008**.

**DATED** this 7th day of May, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT